————o————

## No. 6408.

## HAIGHT AND RUSHA, LIQUIDATORS OF FITZPATRICK-DUNN REALTY COMPANY, vs. MARRERO LAND & IMPROVEMENT ASS'N., LTD.

### Syllabus.

A real estate broker does not earn his commission for procuring a sale of the property by obtaining for the owner a mere executory agreement, not specifically enforceable, and from which the prospective purchaser in fact withdraws by forfeiting the "earnest money" deposited by him.

Appeal from the 28th Judicial District Court, Parish of Jefferson, No. 1642. Honorable P. E. Edrington, Judge.

Lyle Saxon, for plaintiff and appellant.

L. H. Marrero, Jr., for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff, a real estate brokerage concern now in liquidation, appeals from a judgment rejecting its claim for compensation or a stipulated commission for having procured a purchaser for defendant's property.

The facts are that defendant and the prospective purchaser entered into an executory agreement of sale which was accompanied by the payment to defendant of five hundred dollars, the parties stipulating that "said five hundred dollars is to be forfeited if acts of sale as per contract this day signed are not passed within a reasonable time." The purchaser failed for lack of funds to carry out the undertaking to purchase the property, and this five hundred dollars as well as an additional amount subsequently paid to defendant were declared forfeited, the purchaser acquiescing in this action.

There is no doubt but that the sum of plaintiff's services as broker consisted in procuring a mere "earnest money" agreement, one not specifically enforceable and one wherein the purchaser in fact exercised its option to withdraw. This is not only apparent from the face of the agreement and accompanying receipt, but is rendered certain by the testimony of every witness, each of whom testifies that all parties considered and treated the transaction as one in which the purchaser was at liberty to withdraw upon forfeiting the amount paid.

And the further fact is clearly established not only by this testimony but also by the conduct of the parties exhibited in this as well as in their past transactions, that it was never for a moment contemplated that the plaintiff would earn or would be entitled to receive a brokerage commission unless and until an actual sale of the property should be finally consummated.

The case is similar to one wherein we recently held that a broker, promised a commission for making a sale, does not earn his compensation where the prospective purchaser procured by him exercises his right of forfeiting the earnest money and withdrawing from the executory agreement of purchase.

> **Sonneman vs. Cutler**, No. 5727 of our docket (Vol. X, Ct. of Ap., 155).

We perceive no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

St. Paul, J., concurs in the decree.

Opinion and decree, June 14th, 1915.

Rehearing refused, June 30th, 1915.